UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Per Local Rule 5.4(d), the matter(s) shall remain sealed: ___ years; 6/1/14 (specific date); ___ permanently; ___ (other).

FEDERAL TRADE COMMISSION, and

STATE OF FLORIDA

    Plaintiffs,

v.

7051620 CANADA, INC., also doing business as NATIONWIDE MARKETING BUREAU, INC., NATIONAL BUSINESS ADVERTISING, NATIONAL BIZ ADS, AND YELLOW BUSINESS ADS, a Canada corporation,

FRANCOIS EGBERONGBE, individually and also doing business as NATIONAL BUSINESS ADVERTISING, NATIONAL BIZ ADS, and YELLOW BUSINESS ADS, and as an owner, officer, director, or manager of 7051620 CANADA, INC., and

ROBERT N. DURHAM, SR., individually and also doing business as NATIONAL BUSINESS ADVERTISING, NATIONAL BIZ ADS, and YELLOW BUSINESS ADS, and as an owner, officer, director or manager of 7051620 CANADA, INC.

    Defendants.

Case No.: 14-22132

CIV - Moreno

✓ SEALED
___ NOT SEALED

[PROPOSED]

UNDER SEAL

## TEMPORARY RESTRAINING ORDER, ORDER FREEZING ASSETS, AND ORDER FOR OTHER EQUITABLE RELIEF

Plaintiffs Federal Trade Commission and State of Florida have filed a complaint against Defendants 7051620 Canada, Inc., Francoise Egberongbe, and Robert Durham, Sr. pursuant to Section 13(b) of the Federal Trade Commission Act and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501 Part II, Florida Statutes, and have also moved pursuant to Section

13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) (second proviso), for an *ex parte* temporary restraining order, asset freeze, and order to show cause why a preliminary injunction should not issue.

**FINDINGS**

This Court has considered the *Complaint For Permanent Injunction And Other Equitable Relief; Ex Parte Motion For A Temporary Restraining Order, Asset Freeze, And Order To Show Cause Why A Preliminary Injunction Should Not Issue*; and the declarations, exhibits, and other papers filed in support of the *ex parte* motion. The Court finds that:

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties.

B. This Court is a proper venue for this case.

C. There is good cause to believe that Defendants have engaged in, and are likely to engage in the future in, acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501 Part II, Florida Statutes, and that the Plaintiffs are therefore likely to succeed on the merits of this action.

D. There is good cause to believe that this temporary restraining order is in the public interest, and no private interest of the Defendants outweighs the public interest.

E. There is good cause to believe that Defendants, if informed of the *ex parte* motion, would hide assets and destroy evidence, thus immediately and irreparably damaging the Court's ability to grant complete relief, including possible monetary restitution to consumers. There is thus good cause to believe that this Order should be entered without prior notice to the Defendants.

F. Unlike private litigants, the FTC, as an agency of the United States, is not required to give security before a temporary restraining order may issue.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

**A.** "Asset" means anything, or any interest in anything, of economic value or that may be the subject of ownership, whether real or personal, tangible or intangible, legal or equitable, located within or outside the United States, or existing before or acquired after the date of entry of this Order, including any account, account receivables, bond, cash, certificate of deposit, chattel, check, contract, credit, currency, document, equipment, fixture, fund, good, income, inventory, instrument, investment, leasehold, line of credit, list of consumer names, mail or other deliverable, note, premises, property, receivable, revenue, security, share of stock, or trust.

**B.** "Defendants" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

**1.** "Individual Defendants" means Francoise Egberongbe and Robert N. Durham, Sr., and by whatever other names each may be known.

**2.** "Corporate Defendants" means 7051620 Canada, Inc., and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, including Nationwide Marketing Bureau, Inc., National Business Advertising, National Biz Ads, and Yellow Business Ads.

**C.** "Document" means and includes audio and video recordings, charts, computer records, drawings, graphs, photographs, writings, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate document within the meaning of the term.

**D.** "Financial Institution" means any establishment dealing with financial transactions of any kind, including any automated clearing house processor, bank, bank debit processing agent, brokerage house, broker-dealer, commercial mail receiving agency, commodity trading company, credit card payment processor or agent, credit union, customer service agent, escrow agent, mail holding or forwarding company, money market or mutual fund, network transaction

3

processor, precious metal dealer, retirement fund custodian, savings and loan institution, storage company, trustee, title company, or other financial institution or depository of any kind, whether within or outside the United States.

**E.** "Person" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

## I.

## PROHIBITED BUSINESS ACTIVITIES

IT IS THEREFORE ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the sale of any good or service, are restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

**A.** That a consumer has a preexisting business relationship with any Defendant or any other Person;

**B.** That a consumer has agreed to purchase a good or service from any Defendant or any other Person;

**C.** That a consumer owes money to any Defendant or any other Person; or

**D.** Any other material fact.

## II.

## POSTING NOTICE OF LAWSUIT ON WEBSITES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

**A.** Failing to immediately take whatever action is necessary to ensure that any website used by any Defendant related to the offering for sale, sale, or posting of Internet directory listings or advertising services, including the sale of business cards, flyers, and post cards, or re-

lated to the collection of payment from any consumer for a listing in any Defendant's Internet directory, including the websites located at www.nationalbizads.com and www.yellowbusinessads.com shall:

1. Prominently display the following statement:

The Federal Trade Commission ("FTC") and the State of Florida have filed a lawsuit against 7051620 Canada, Inc., alleging that it has engaged in deceptive practices related to the offering for sale and sale of listings in Internet directories, including: Nationwide Marketing Bureau, Inc., National Business Advertising, National Biz Ads, and Yellow Business Ads. The United States District Court for the Southern District of Florida has issued a temporary restraining order prohibiting the alleged practices. You may obtain additional information directly from the FTC at www.ftc.gov.

2. Provide a hypertext link to the FTC's home page at www.ftc.gov, or another home page designated by counsel for the FTC.

### III.

### ASSET FREEZE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

A. Alienating, assigning, concealing, converting, disposing of, dissipating, disbursing, encumbering, granting a lien or security interest or other interest in, liquidating, loaning, pledging, removing, selling, spending, transferring, withdrawing, or otherwise disposing of any Asset that is, whether in whole or in part, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belongs to, any Defendant or any corporation, partnership, trust, or other Person directly or indirectly owned, managed, or controlled by, or under common control of, any Defendant, including any Assets held by or for any Defendant by any Financial Institution;

**B.** Counseling, demanding, encouraging, instructing, or requesting any other person to take an action described in subparagraph (A);

**C.** Abetting, aiding, assisting in, facilitating, or participating in an action described in subparagraph (A) or (B);

**D.** Opening or causing to be opened any commercial mail box, safe deposit box, or storage facility titled in the name of any Defendant, or subject to access by any Defendant or under any Defendant's control, without providing the FTC prior notice and an opportunity to inspect the contents in order to determine that they contain no Asset covered by this Section;

**E.** Cashing any check or depositing or processing any payment from a customer of any of the Defendants; and

**F.** Incurring cash advances or charges on any credit card issued in the name, singly or jointly, of any Defendant.

## IV.

## DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

IT IS FURTHER ORDERED that any Financial Institution or Person, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

**A.** Hold and retain within its control and prohibit the assignment, conversion, disbursement, dissipation, encumbrance, hypothecation, liquidation, loan, pledge, removal, sale, transfer, withdrawal, or other disposal of any Asset held by or under its control that is:

**1.** Held on behalf of, or for the benefit of, any Defendant or any other party subject to Section III, above;

**2.** Held in any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section III above;

**3.** Associated with charges, credits, or debits made on behalf of any Defendant including reserve funds or settlement funds held by payment processors or their agents, insurance companies, or other Persons; or

4. Subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section III above.

B. Deny Defendants access to any safe deposit boxes or storage facilities that are either:

1. Titled in the name, individually or jointly, of any Defendant, or other party subject to Section III above; or

2. Subject to access by any Defendant or other party subject to Section III above;

C. Provide the FTC, within three (3) days of the date of service of this Order, a sworn statement setting forth:

1. The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section III above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2. The balance of each such account, or a description of the nature and value of such asset;

3. The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section III above, whether in whole or in part; and

4. If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D. Within three (3) days of a written request from the FTC, provide to the FTC copies of all records or other documents pertaining to each such account or Asset, including originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

***Provided, however***, that this Section does not prohibit the repatriation of Assets, as required by Section X of this Order.

## V.

## DUTIES OF THIRD PARTIES TO WITHHOLD DEFENDANTS' MAIL

IT IS FURTHER ORDERED that:

A.  Any third party with whom any Defendant maintains an account and/or mail receiving box, including the following:

Yellow Business Ads
7891 West Flagler Street
Suite 346
Miami, FL 33144

National Biz Ads
20533 Biscayne Boulevard
#186
Aventura, FL 33180

upon being served with a copy of this Order, shall for the duration of this Order, forward to the FTC all mail received that is addressed to or from any Defendant and/or addressed to or from any other name under which any Defendant is doing business, including to: Nationwide Marketing Bureau, Inc., National Business Advertising, National Biz Ads, and Yellow Business Ads. This mail shall be forwarded to the FTC at the following address:

Federal Trade Commission
Attn: Michael S. Liggins
225 Peachtree Street, Suite 1500
Atlanta, GA 30303
Fax:    (404) 656-1379
Email:  mliggins@ftc.gov

The FTC shall retain this mail for the duration of the Order, or until further order of the Court, or stipulation of the parties; and

B.  Defendants, within three (3) business days of service of this Order, shall provide to counsel for the FTC and State of Florida a complete list of all locations where any Defendant

8

has received mail from January 2011 through the date of entry of this Order. Defendants shall notify counsel for the FTC and State of Florida of any locations designated to receive mail by any Defendant after the date of entry of this Order, within three (3) business days of such designation. Such notice shall include, for each location, the name and address of the location, all names under which Defendant(s) receive or may receive mail at that location, and a copy of any agreement or application creating the designation.

## VI.

## SUSPENSION OF COLLECTION ON ACCOUNTS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from assigning any right to collect, attempting to collect, or collecting any payment for any Internet directory listings or advertising services.

## VII.

## FINANCIAL STATEMENTS AND ACCOUNTING

IT IS FURTHER ORDERED that no later than three (3) business days after service of this Order:

**A.** Each Individual Defendant shall prepare and deliver to counsel for the FTC and State of Florida a completed "Financial Statement of Individual Defendant" form, which is attached as **Attachment A**;

**B.** Each Corporate Defendant shall also prepare and deliver to counsel for the FTC and State of Florida a completed "Financial Statement of Corporate Defendant" form, which is attached as **Attachment B**;

**C.** For each business entity owned, controlled, or managed by an Individual Defendant, and for each trust of which such Individual Defendant is a trustee, regardless of whether it is a defendant in this case, each Individual Defendant shall prepare and deliver to counsel for the

FTC and State of Florida a completed "Financial Statement of Corporate Defendant" form, which is attached as **Attachment B;**

D.      Each Defendant shall also prepare and deliver to counsel for the FTC and State of Florida a statement, verified under oath, of all payments, transfers, or assignments of any Assets worth $5,000 or more since January 2011. Such statements shall include: (a) the amount transferred or assigned; (b) the name of each transferee or assignee; (c) the date of the assignment or transfer; and (d) the type and amount of consideration paid by or to the Defendant. Each statement shall specify the name and address of each Financial Institution at which Defendant has accounts or safe deposit boxes; and

E.      Each Defendant shall also prepare and deliver to counsel for the FTC and State of Florida a detailed accounting, verified under oath, of all gross and net profits obtained from, derived from, or related in any way to the offering for sale or sale of Internet directory listings.

## VIII.

## PRESERVATION OF RECORDS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

A.      Failing to make and keep accounts, bank statements, books, cash disbursements ledgers and source documents, cash receipts ledgers, current accountants' reports, documents indicating title to real or personal property, general journals, general ledgers, records, and any other data which, in reasonable detail, accurately and fairly reflect the disbursements, dispositions, incomes, transactions, and uses of Defendants' assets; and

B.      Altering, concealing, destroying, erasing, mutilating, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored materials, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control

of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant.

## IX.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

**A.** Leasing, renting, selling, or otherwise disclosing the address, bank account number, birth date, credit card number, e-mail address, name, Social Security number, telephone number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with the offering for sale or sale business directory or advertising services; and

**B.** Benefitting from or using the address, bank account number, birth date, credit card number, e-mail address, name, Social Security number, telephone number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with the offering for sale or sale business directory or advertising services.

***Provided, however***, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## X.

## REPATRIATION OF ASSETS AND DOCUMENTS

IT IS FURTHER ORDERED that Defendants shall:

**A.** Within three (3) business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all Documents and Assets held by or for Defendants or under Defendants' direct or indirect control, jointly, severally,

or individually, that were transferred outside the territory of the United States from within the territory of the United States.

B. Within three (3) business days following service of this Order, provide to counsel for the FTC and State of Florida with a full accounting of all Documents and Assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances.

C. Hold and retain all such Documents and Assets and prevent any disposition, dissipation, or transfer whatsoever of any such Documents or Assets.

D. Within three (3) business days following service of this Order, provide the Plaintiffs access to Defendants' Documents held by Financial Institutions or other entities outside the territorial United States, by signing and delivering to counsel for the FTC and State of Florida the Consent to Release of Financial Records attached to this Order as **Attachment C**.

## XI.

## INTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are restrained and enjoined from:

A. Taking any action that may result in the encumbrance or dissipation of Assets held by or for Defendants or under Defendants' direct or indirect control, jointly, severally, or individually, that were transferred outside the territory of the United States from within the territory of the United States, or in the hindrance of the repatriation required by the preceding Section X of this Order, including:

1. Sending any e-mail, facsimile, letter, statement, or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until all Assets have been fully repatriated pursuant to the preceding Section of this Order.

2. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until all Assets have been fully repatriated pursuant to the preceding Section of this Order.

## XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, partners, divisions, sales entities, successors, assigns, members, officers, directors, employees, independent contractors, agents, servants, attorneys, spouses, representatives, and any other persons in active concert or participation with them. Within five (5) business days following service of this Order, Defendants shall serve on the FTC and State of Florida an affidavit identifying the name, title, addresses, telephone numbers, date of service, and manner of service of the persons Defendants have served with a copy of this Order in compliance with this provision.

## XIII.

## SERVICE OF ORDER

IT IS FURTHER ORDERED that copies of this Order may be served by facsimile transmission, personal or overnight delivery, first class mail, electronic mail, or personally, by agents and employees of the FTC or any state, provincial, federal, or international law enforcement agency, or by private process server, on: (1) Defendants; (2) any Financial Institution or Person that holds, controls, or maintains custody of any Documents or Assets of any Defendant; or (3) any other Financial Institution or Person that may be subject to any provision of this Order. Ser-

vice upon any branch or office of any Financial Institution or entity shall effect service upon the entire Financial Institution or entity.

## XIV.

## CONSUMER REPORTING AGENCIES

IT IS FURTHER ORDERED that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency shall furnish a consumer or credit report concerning any Defendant to the FTC or State of Florida or both.

## XV.

## SERVICE UPON PLAINTIFFS

IT IS FURTHER ORDERED that any correspondence, papers, and pleadings related to this Order shall be served upon Plaintiffs by overnight mail, electronic mail, courier delivery, or facsimile to:

```
Federal Trade Commission
Attn: Anna M. Burns
225 Peachtree Street, Suite 1500
Atlanta, GA 30303
Fax:    (404) 656-1379
Email:  aburns@ftc.gov

Office of the Attorney General
Consumer Protection Division
Attn: Ryann Flack, Assistant Attorney General
444 Brickell Avenue
Miami, FL 33131
Fax:    (305) 349-1403
Email:  Ryann.Flack@myfloridalegal.com
```

## XVI.

## DURATION OF TEMPORARY RESTRAINING ORDER

IT IS FURTHER ORDERED that the Temporary Restraining Order granted herein shall expire on _June 23_, 2014, at 10:00 PM (EST), unless within such time,

the Order for good cause shown, is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XVII.

### ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

IT IS FURTHER ORDERED that each Defendant shall appear before this Court on the 23rd day of June, 2014, at 10 o'clock a.m. (EST), at the Ferguson Courthouse 400 N. Miami Avenue, Courtroom 13-3, to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the complaint against Defendants, enjoining them from further violations of the Federal Trade Commission Act and the Florida Deceptive and Unfair Trade Practice Act, continuing the freeze of their assets, and imposing such additional relief as may be appropriate.

## XVIII.

### SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

IT IS FURTHER ORDERED that Defendants shall file with the Court and serve on the FTC's and the State of Florida's counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on the FTC's and the State of Florida's request for a preliminary injunction.

The FTC and the State of Florida may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile.

Documents shall be delivered so that they shall be received by the other parties no later than 4:00 P.M. (EST) on the appropriate dates listed in this Section.

# XIX.

# RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED**, this \_\_\_11th\_\_\_ day of \_\_\_June\_\_\_, 2014, ~~at~~

_____
United States District Judge

F. MORENO